UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Maribel Marisela Perez,<br>Plaintiff,<br>v.<br>Commissioner of Social Security,<br>Defendant. | No. 1:23-cv-00438-GSA<br>ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. 406(B)<br>(ECF No. 20) |

Plaintiff's counsel Josephine Mary Gerrard seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b).

**I. <u>Background</u>**

Plaintiff entered into a contingent fee agreement with counsel which provides for attorney fees of up to 25% of the past due benefits awarded. ECF No. 20 at 16–17. The agreement also provides that counsel would seek fees pursuant to the Equal Access to Justice Act (EAJA), fees which would be refunded in the event of an award of past due benefits and payment of the 25% contingency fee. <u>Id.</u>

Plaintiff filed a complaint in this Court on March 22, 2023 appealing the Commissioner's decision denying her application for benefits. After Defendant filed the Administrative Record, and Plaintiff filed a motion for summary judgment. ECF No. 13. No additional briefs were filed as the parties then stipulated to remand the matter to the agency. ECF No. 16. Judgment was

entered for Plaintiff. ECF No. 17.

Plaintiff's counsel was awarded $9,500 under the Equal Access to Justice Act. ECF No. 19.

On remand the agency withheld 25% of the award for potential payment to Plaintiff's counsel for services rendered: $20,579.25. ECF No. 20 at 8.

Defendant did not file a response to the fee motion.

## II. Legal Standard

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, et seq] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is unenforceable by the Court if it provides for fees exceeding the statutory amount. *Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.").

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id*. at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc); *Vazquez v.*

*Com'r of Soc. Sec.*, No. 1:17-CV-1646-JLT, 2020 WL 2793059, at *2 (E.D. Cal. May 29, 2020).

**III.** **Analysis**

Here, Plaintiff was represented by experienced counsel and achieved a favorable result, namely an order of remand, entry of judgment, and ultimately a substantial award of past due benefits. There is no indication that counsel engaged in dilatory conduct, excessive delay, or substandard performance.

This award would not amount to a windfall. In matters subject to section 42 U.S.C. 406(b), the lodestar is merely a guidepost, and a comparatively high effective hourly rate is generally warranted to compensate counsel for the risk assumed in representing social security claimants. *See Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009).

The $20,579[1] total amount is also consistent with total contingent fee awards granted under section 406(b). *See, e.g.*, *Ortega v. Comm'r of Soc. Sec*., No. 1:12–cv–01030–AWI–SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) ($24,350); *Thomas v. Colvin*, No. 1:11–cv–01291–SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) ($44,603.50); *Boyle v. Colvin*, No. 1:12–cv–00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) ($20,577.57); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) ($34,500).

Considering the character of the representation, the result achieved, and the fee amounts awarded in similar cases, the request here is reasonable.

Accordingly, it is **ORDERED** as follows:

1. Counsel's motion for attorney fees pursuant to 42 U.S.C. 406(b) (ECF No. 20) is GRANTED.
2. The Commissioner shall certify a payment of a gross award in the amount of $20, 579 to: Josephine Mary Gerrard.
3. Josephine Mary Gerrard shall refund directly to Plaintiff Maribel Marisela Perez, the EAJA fee previously awarded in the amount of $9,500.

IT IS SO ORDERED.

---

[1] Plaintiff dropped the 25 cents from her request, for an even $20,579.

Dated: **September 16, 2026**

**/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE